UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ELLIETT LANIER, | ) | CASE NO. 1:21CV1635 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| MERRICK GARLAND, et al., | ) | OPINION AND ORDER |
| | ) | |
| Respondents. | ) | |

**CHRISTOPHER A. BOYKO, J:**

*Pro se* Petitioner Elliett Lanier, a pretrial detainee incarcerated in the Northeast Ohio Correctional Center ("NEOCC"), has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1).

Petitioner alleges that his continued exposure to COVID-19 is a violation of his constitutional rights because the detention conditions "amount to punishment" and prison officials "fail to ensure his safety and health." He states that he has been detained since the beginning of the pandemic, he previously tested positive for the virus, and he should not be subjected to the possibility of contracting COVID-19 again. Petitioner contends that NEOCC has put mitigation efforts in place to combat the virus, including wastewater testing, protective masks, and vaccines, but such efforts have failed. He also contends that NEOCC's failure to successfully mitigate the spread of the virus or test all detainees for the virus puts Petitioner at risk of contracting the virus.

Promptly after the filing of a *habeas corpus* petition, a federal district court must undertake a preliminary review of the petition to determine "[i]f it plainly appears from the

petition and any attached exhibits that the petitioner is not entitled to relief" in the district court. Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 (applicable to petitions under § 2241 pursuant to Rule 1(b)). If so, the petition must be summarily dismissed. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (the district court has a duty to "screen out" *habeas corpus* petitions that lack merit on their face). No response is necessary when a petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response. *Id.* The principle of liberal construction generally afforded pro se pleadings applies to habeas petitions. *See Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).

This Petition must be summarily dismissed because it does not raise a claim that is cognizable under § 2241. Generally, *habeas corpus* is available to prisoners seeking relief from unlawful imprisonment or custody. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Federal prisoners may use 28 U.S.C. § 2241 to attack the manner in which their sentence is being executed, such as the computation of sentence credits or parole eligibility. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998) (citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977).

Section 2241 is not available, however, to review questions unrelated to the cause of detention. *Martin*, 391 F.3d at 714. Prisoners challenging the conditions of their confinement must do so through a civil rights action. *Preiser v. Rodriguez*, 411 U.S. 475, 487-88, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). And virtually every aspect of a prisoner's daily life that does not affect the duration of his confinement is considered a "condition of confinement." Petitioner's claim that the current detention conditions are unsanitary or unsafe is a challenge to the

conditions of his confinement.

The Sixth Circuit in *Wilson v. Williams*, 961 F.3d 829, 839 (6th Cir. 2020), permitted COVID-19 cases to proceed under Section 2241. This relief, however, was specific to COVID-19 claims in light of the global pandemic at its outbreak. In *Wilson*, the Sixth Circuit examined the conditions at FCI Elkton ("Elkton") in 2020 in the context of a Section 2241 action and concluded that a class of medically vulnerable inmates was not likely to succeed on the merits of an Eighth Amendment claim based on COVID-19 circumstances. *Wilson*, 961 F.3d at 844. The petitioners in that case argued that the very nature of COVID-19 was such that there were "no mitigation efforts that Elkton could undertake that would prevent the risk of contraction--and possible later spread to the non-prison community--to any acceptable degree, other than immediate release of the Medically-Vulnerable Subclass." *Id.* at 837-38. The court reasoned that where a petitioner's claims are such that no set of conditions would be constitutionally sufficient, the claim should be construed as challenging the fact or extent, rather than the conditions of the confinement. *Id.*; *see Adams v. Bradshaw*, 644 F.3d 481, 483 (6th Cir. 2011); *cf. Terrell v. United States*, 564 F.3d 442, 446-48 (6th Cir. 2009).

Here, Petitioner's claim of unsanitary or unsafe conditions due to the purported resurgence of COVID-19, including allegations that NEOCC has failed to successfully mitigate the spread of the virus or test all detainees for the virus, can be remedied. Indeed, Petitioner acknowledges that mitigation efforts, such as wastewater testing, masks, and vaccines, are being implemented at the facility. Consequently, Petitioner cannot raise these claims in a *habeas* action. *See Mescall v. Hemingway*, 6th Cir. No. 20-1857, 2021 U.S. App. LEXIS 10072, at *4 (Apr. 7, 2021) (citing Wilson, 961 F.3d at 838) (finding that where petitioner did not allege there

is "no set of conditions" that would remedy the risks associated with COVID-19, petitioner's claim of lack of COVID-19 testing for inmates and staff is not cognizable under § 2241).

## Conclusion

Accordingly, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is denied and this action is dismissed pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Habeas Corpus Cases. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

s/ Christopher A. Boyko

**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated:** November 16, 2021